**NO. 26-1374**

---

**IN THE UNITED STATES COURTS OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee.*

*v.*

DAVID CAPERS,
*Defendant-Appellant*,

---

On Appeal from the United States District Court
For the Southern District of Indiana, Evansville Division
District Case No. 3:21-cv-00080-RLY-CSW
Richard L. Young, District Court Judge

---

# BRIEF AND REQUIRED SHORT APPENDIX OF DEFENDANT-APPELLANT DAVID CAPERS

---

Terry Tolliver, #22556-49
BRATTAIN MINNIX TOLLIVER
1 Indiana Square, Suite 1530
Indianapolis, IN 46204
(317) 231-1750
(317) 231-1760 fax
Terry@BMTIndy.com
Counsel for Defendant-Appellant
David Capers

## DISCLOSURE STATEMENT

The undersigned, counsel for David Capers, furnishes the following in compliance with Circuit Rule 26.1:

1. The full name of every party that the attorney represents in the case: David Capers
2. The name of all law firms whose partners or associates have appeared for the party in the case or are expected to appear for the party in this court: Terry Tolliver of Brattain Minnix Tolliver
3. If the party or amicus is a corporation: not applicable.

**Dated:** May 12, 2026

*/s/ Terry Tolliver*
Terry Tolliver

Please indicate if you are counsel of record for the above-listed parties pursuant to Circuit Rule 3(d). Yes _X_ No ___

Address: Brattain Minnix Tolliver
1 Indiana Square, Suite 1530
Indianapolis, IN 46204

Phone Number: (317) 231-1750;

Fax Number: (317) 231-1760;

Email Address: Terry@BMTIndy.com

**Date:** May 12, 2026

## TABLE OF CONTENTS

DISCLOSURE STATEMENT ........................................................................ ii

TABLE OF AUTHORITIES ....................................................................... iv

APPELLANT'S JURISDICTIONAL STATEMENT ................................ 1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ....................... 3

STATEMENT OF THE CASE ................................................................. 4

SUMMARY OF THE ARGUMENT ......................................................... 6

ARGUMENT ............................................................................................ 7

I. Mr. Capers' state offenses for Manufacture/Deliver Cannabis and Unlawful Possession of Cannabis with Intent to Deliver were not distinct "prior" offenses that qualify as predicate offenses for the career offender enhancement and are relevant conduct instead......7

II. Additionally, Mr. Capers' state offenses for Manufacture/Deliver Cannabis and Unlawful Possession of Cannabis with Intent to Deliver are too broad under the categorical approach and should not be used for the career offender enhancement......................11

CONCLUSION ..................................................................................... .....15

*CERTIFICATE OF COMPLIANCE*.......................................................16

*CERTIFICATE OF SERVICE* ...............................................................17

# TABLE OF AUTHORITIES

Cases

*Elion v. United States,* 76 F.4th 620, 625 (7th Cir. Ct. App. 2023).........11

*Mathias v. United States,* 579 U.S. 500, 504 (2016)..........................12

*United States v. Bautista,* 989 F.3d 698, 704 (9th Cir. Ct. App. 2021)....................................................................12,13

*United States v. Hubbert,* 35 F.4th 1068 (7th Cir. Ct. App. 2022) .........8,9

*United States v. Oritz,* 431 F.3d 1035 (7th Cir. 2005)............................8

*United States v. Ruiz,* 178 F.3d 877 (7th Cir. 1999).............................9

*United States v. Smith,* 921 F.3d 708, 712 (7th Cir. 201.....................11

*United States v. Woods,* 556 F.3d 616 (7th Cir. Ct. App. 2009)................7

Statutes

18 U.S.C. § 3231 .........................................................................1

18 U.S.C. § 3742(a).......................................................................2

21 U.S.C. § 802(16)(2012)..............................................................12

21 U.S.C. § 846..............................................................................4

28 U.S.C. § 1291............................................................................2

28 U.S.C. § 1294............................................................................2

28 U.S.C. § 2255......................................................................1,2,4,5

AGRICULTURE IMPROVEMENT ACT OF 2018, PL 115-334, December 20, 2018, 132 Stat 4490..................................................12

PUBLIC HEALTH—DEPARTMENT OF HUMAN SERVICES ACT, 1996 Ill. Legis. Serv. P.A. 89-507 (H.B. 2632) (WEST).........................14

Other Authorities

U.S. Const. Art. III, Cl. 1 ..............................................................1

Circuit Rule 3(d)..........................................................................ii

Circuit Rule 26.1 .........................................................................ii

Circuit Rule 32(c) ........................................................................16

Fed. R. App. P. 4(b)......................................................................2

Fed. R. App. P. 32.......................................................................16

USSG §1B1.3(a)(2).......................................................................8

USSG § 4A1.2...............................................................................8

USSG § 4B1.1(a)...........................................................................7

## **APPELLANT'S JURISDICTIONAL STATEMENT**

The Defendant-Appellant, David Capers, presents a direct appeal to his federal criminal conviction.

**District Court Jurisdiction**. Mr. Capers commenced a proceeding in the United States District Court, Southern District of Indiana, Evansville Division pursuant to 28 U.S.C. § 2255, *Capers v. USA*, 3:21-cv-00080-RLY-MPB, contending that he had ineffective assistance of counsel in his criminal case, *USA v. Capers*, 3:17-cr-00022-RLY-MPB, that his attorney failed consult with him about his ability to file an appeal and ultimately failed to file a notice of appeal on his behalf. On February 20, 2026, an *Order Granting Motion for Relief under 28 U.S.C. § 2255* was entered, which ordered the judgment from Mr. Capers' criminal case be vacated and directed the clerk to enter a Notice of Appeal. The District Court had jurisdiction over that proceeding pursuant to U.S. Const. Art. III, Cl. 1 and 18 U.S.C. § 3231.

**<u>Court of Appeals Jurisdiction</u>**. The jurisdiction of the United States Court of Appeals for the Seventh Circuit is founded upon 28 U.S.C. § 1291, 28 U.S.C. § 1294, 18 U.S.C. § 3742(a), and Federal Rules of Appellate Procedure Rule 4(b), and is based upon the following:

a. The District Court issued *its Order Granting Motion for Relief under 28 U.S.C. § 2255* on February 20, 2026, in Cause No. 3:21- cv-00080-RLY-CSW.

b. The Clerk of the United States District Court, Southern District of Indiana, Evansville Division, timely filed the *Clerk's Notice of Appeal* on behalf of Mr. Capers on February 24, 2026.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

I. Whether Mr. Capers' state convictions for Manufacture/Deliver Cannabis and Unlawful Possession of Cannabis with Intent to Deliver qualify as prior convictions for the purposes of the career offender enhancement?

II. Whether Mr. Capers' state convictions for Manufacture/Deliver Cannabis and Unlawful Possession of Cannabis with Intent to Deliver are too broad to be used for the career offender enhancement?

## STATEMENT OF THE CASE

### A. Mr. Capers is indicted.

On June 29, 2017, an indictment was filed in the Southern District of Indiana, Evansville Division, charging Mr. Capers with Conspiracy to Distribute Heroin in violation of 21 U.S.C. § 846.[1]

### B. Mr. Capers and the United States came to a plea agreement.

On January 22, 2019, a *Petition to Enter a Plea of Guilty* was filed.[2] On September 12, 2019, a plea and sentencing hearing was held, and Mr. Capers pleaded guilty to Count 1, Conspiracy to Distribute Heroin in violation of 21 U.S.C. § 846.[3] The Court accepted the plea agreement and subsequently sentenced Mr. Capers to 200 months of imprisonment followed by five (5) years of supervised release.

### C. Mr. Capers files a Petition for Habeas Corpus and is granted an appeal.

On May 14, 2021, Mr. Capers filed his *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal*

[1] *See* 3:17-cr-0022-RLY-MPB-01, Doc. 39, *Indictment*, filed June 29, 2017.
[2] *See* 3:17-cr-0022-RLY-MPB-01, Doc. 198, *Petition to Enter a Plea of Guilty*, filed January 22, 2019.
[3] *See* 3:17-cr-0022-RLY-MPB-01, Doc. 393, *Official Reporter's Redacted Transcript of Plea and Sentencing Hearing*, filed October 4, 2021.

*Custody*.[4] On February 20, 2026, the District Court issued *its Order Granting Motion for Relief under 28 U.S.C. § 2255*, accompanied by a *Final Judgement*.[5] Then, on February 24, 2026, the Clerk timely filed a *Notice of Appeal* on behalf of Mr. Capers.[6]

---

[4] *See* 3:21-cv-00080-RLY-CSW, Doc. 1, *Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Motion Under 28 U.S.C. § 2255)*, filed May 14, 2021.

[5] *See* 3:21-cv-00080-RLY-CSW, Doc. 35, *Order Granting Motion for Relief under 28 U.S.C. § 2255,* filed February 20, 2026; *See* 3:21-cv-00080-RLY-CSW, Doc. 36, *Final Judgement*, filed February 20, 2026.

[6] *See* 3:17-cr-00022-RLY-CSW, Doc. 1-1, *Clerk's Notice of Appeal,* filed February 24, 2026.

## SUMMARY OF THE ARGUMENT

Mr. Capers' state offenses of Manufacture/Deliver Cannabis and Unlawful Possession of Cannabis with Intent to Deliver were improperly used for the career offender enhancement. These state offenses were not distinct prior offenses but only relevant conduct for the instant offense. There are strong similarities between the state offenses and this instant offense, showing that these offenses were part of the same course of conduct and conspiracy. Therefore, Mr. Capers' career offender enhancement was improper, resulting in an improper sentence.

# ARGUMENT

## Standard of review

Mr. Capers claims his state offenses for Manufacture/Deliver Cannabis and Unlawful Possession of Cannabis with Intent to Deliver should not be considered distinct "prior" offenses for purposes of the career offender enhancement under § 4B1.1. This is a question of law which this Court reviews *de novo.*[7]

### I. Mr. Capers' state offenses for Manufacture/Deliver Cannabis and Unlawful Possession of Cannabis with Intent to Deliver were not distinct "prior" offenses that qualify as predicate offenses for the career offender enhancement and are relevant conduct instead.

"A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[8] Whether the state convictions are "prior" offenses depends on their relationship with the

[7] *See United States v. Woods,* 556 F.3d 616, 622 (7th Cir. Ct. App. 2009), *overruled in part on other grounds by Gall v. United States,* 552 U.S. 38 (2007).
[8] USSG § 4B1.1(a).

federal offense.[9] More specifically, a "prior" offense is "a conviction for conduct that both pre-dates and is separate and distinct from the criminal activity charged in this case."[10] Further, "[c]onduct that is part of the instant offense means conduct that is relevant conduct to the instant offense."[11]

For drug offenses that require grouping multiple counts, the relevant conduct guidelines under § 1B1.3 treat all acts that were part of the same course of conduct or a common scheme or plan as relevant conduct.[12] To determine whether a defendant's past convictions meet this test, the court looks at whether there is a "strong relationship between the uncharged conduct and the convicted offense."[13] The court will consider factors such as similarity, regularity, and temporal proximity.[14] "However, the mere fact that the defendant has committed the same or similar crime on another occasion is not by itself sufficient to compel the conclusion that the prior offense constitutes relevant conduct."[15]

---

[9] *United States v. Hubbert,* 35 F.4th 1068, 1071 (7th Cir. Ct. App. 2022).
[10] *Id.*
[11] *Id.* (quoting USSG § 4A1.2, comment., (n.1)).
[12] *Id.* at 1072; USSG §1B1.3(a)(2).
[13] *United States v. Oritz,* 431 F.3d 1035, 1040 (7th Cir. 2005).
[14] *Id.*
[15] *Hubbert,* 35 F.4th at 1072. (7th Cir. Ct. App.).

In *United States v. Hubbert,* the defendant argued that his state offenses from 2011 should be relevant conduct rather than discrete prior crimes.[16] There was a gap of a few years between those offenses and his instant offense, which the Court noted leaned more towards the offenses not being a part of the same course of dealing.[17] But the Court also noted that neither incarceration nor the passage of time precludes a finding that a previous offense constitutes relevant conduct.[18] A defendant can still show a strong similarity or regularity to connect the instances.[19] The Court found that there was no strong similarity in this case because of the amount of drugs involved and the different drugs involved, and this, in conjunction with the passage of time, indicates that there was not a steady and unified operation of drug dealing.[20] Therefore, the Court determined his past offenses were properly deemed prior offenses for the career offender enhancement.[21]

Unlike the defendant in *Hubbert,* Mr. Capers' state offenses present a strong similarity to his instant offense. Mr. Capers' instant offense

---

[16] *Id.*
[17] *Id.*
[18] *Id.* (referencing *United States v. Ruiz,* 178 F.3d 877, 882 (7th Cir. 1999)).
[19] *Id.*
[20] *Id.* at 1073.
[21] *Id.*

dates to 2016, and although Mr. Capers was charged in 2001 and 2002 for his state convictions of Manufacture/Deliver Cannabis and Unlawful Possession of Cannabis with Intent to Deliver and then sentenced for these offenses in 2004, this passage of time does not diminish the strong similarity of the offenses. The drugs involved are different, but the area and the people involved remain consistent.

The Government has conceded that Mr. Capers had known and worked with his coconspirator, Emanuel Brewster, for many years, and Mr. Brewster even knew Mr. Capers was dealing heroin for years.[22] Additionally, Mr. Capers' state offenses were from Chicago, Illinois, while his instant offense involved distributing drugs in Southern Indiana and Chicago through his coconspirators. All of this considered, Mr. Capers' state offenses were a part of the instant conspiracy. It was the same operation or course of conduct involving dealing drugs with the same people and in the same area. He maintained these connections and supplies since his state offenses, creating a steady flow of this one conspiracy. Therefore, Mr. Capers' state offenses are not prior distinct

---

[22] *See* 3:17-cr-00022-RLY-MPB, Doc. 299, *Government's Sentencing Memorandum,* filed March 13, 2019, pg. 2.

offenses but relevant conduct, and they were improperly used for the career offender enhancement.

With the improper enhancement applied, Mr. Capers' sentencing range was between 262 months and 327 months due to his offense level of 37 and criminal history category of VI. Without the enhancement, he would have a criminal history category of V and offense level of 29, resulting in a guideline sentencing range between 140 months and 175 months.

## II. Additionally, Mr. Capers' state offenses for Manufacture/Deliver Cannabis and Unlawful Possession of Cannabis with Intent to Deliver are too broad under the categorical approach and should not be used for the career offender enhancement.

The categorical approach is essentially a matching exercise to determine whether the Guidelines definition of controlled substance is broad enough to encompass the elements of the statutes of a conviction.[23] Therefore, "If the elements of the crime of conviction are the same as, or narrower than, the elements of the" Guidelines offense, "the crime of conviction qualifies as a predicate offense."[24] Additionally, when

[23] *See Elion v. United States,* 76 F.4th 620, 625 (7th Cir. Ct. App. 2023).
[24] *United States v. Smith,* 921 F.3d 708, 712 (7th Cir. 2019).

performing this test, "we focus solely on the statute of conviction's elements, not the facts of the defendant's conduct."[25]

"If a state statute expressly defines the crime more broadly than the generic federal offense, there is no categorical match."[26] Therefore, "a state drug statute is therefore categorically overbroad if it includes substances other than those listed in the federal CSA."[27]

Prior to 2018, the Federal Controlled Substance Act ("CSA") contained a definition of "marihuana" that included hemp.[28] This definition included, all parts of the plant Cannabis sativa L except for minor components such as the mature stalks of the plant and sterilized seeds incapable of germination.[29] Since hemp is a cannabis sativa plant, the definition of marijuana under the CSA included hemp.[30]

On December 20, 2018, President Trump signed the Agriculture Improvement Act into law. This Act removed hemp from the schedule of controlled substances.[31] More particularly the Act states "marihuana" does not include hemp as defined in 7 U.S.C. § 1639o(1) which defines

---

[25] *Id*. (citing *Mathias v. United States,* 579 U.S. 500, 504 (2016)).
[26] *United States v. Bautista,* 989 F.3d 698, 704 (9th Cir. Ct. App. 2021).
[27] *Id.*
[28] *See* 21 U.S.C. § 802(16) (2012).
[29] *Id.*
[30] *Bautista,* 989 F.3d 698 at 704.
[31] AGRICULTURE IMPROVEMENT ACT OF 2018, PL 115-334, December 20, 2018, 132 Stat 4490.

hemp as "the plant Cannabis sativa L. and any part of that plant ... with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis."[32]

In *United States v. Bautista,* the 9th Circuit Court of Appeals looked at the defendant's prior marijuana convictions to determine if they were a categorical match under this new definition of marijuana in the CSA.[33] Arizona's law did not contain any textual exclusions for hemp or for cannabis plants of a law THC concentration.[34] The court determined that since the federal CSA excludes hemp and the Arizona law did not, the prior conviction was overbroad and not a match for a "controlled substance offense" and therefore the enhancement was improperly applied.

Mr. Capers does not have the same enhancement as the defendant in *Bautista* but the statutory definition of marijuana from his state convictions are the same. The Illinois definition for cannabis includes "marihuana, hashish and other substances which are identified as including any parts of the plant Cannabis Sativa, whether growing or

[32] *See Id.*
[33] *See Bautista,* 989 F.3d 698 at 705.
[34] *Id.*

not."[35] Additionally, this definition made no exclusions for hemp. Therefore, just as seen in the 9th Circuit, Mr. Capers' prior conviction is overbroad since it includes hemp while the federal CSA does not. Mr. Capers was subjected to the same improper application as seen in other circuits. Other circuits have deemed very similar statutes as overbroad. Mr. Capers' prior marijuana offenses were too broad due to the difference in definition in comparison to the federal CSA. Therefore, these prior offenses were improperly used to apply the career offender enhancement to his sentence. As stated above, this improper enhancement affected Mr. Capers' sentence drastically. Without this enhancement Mr. Capers' sentencing guidelines would have been between 140 months and 175 months instead of between 262 months and 327 months.

[35] PUBLIC HEALTH—DEPARTMENT OF HUMAN SERVICES ACT, 1996 Ill. Legis. Serv. P.A. 89-507 (H.B. 2632) (WEST).

## CONCLUSION

For the reasons set forth above, the Defendant-Appellant, David Capers, prays that this Court reverse the sentence originally handed down by the District Court and remand this case for resentencing.

*/s/ Terry Tolliver*
Terry Tolliver, #22556-49
BRATTAIN MINNIX TOLLIVER
1 Indiana Square, Suite 1530
Indianapolis, IN 46204
(317) 231-1750
(317) 231-1760 fax
Terry@BMTIndy.com
Counsel for Defendant-Appellant
David Capers

**CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. app. P. 32(a)(7)(B)(i) as modified by Circuit Rule 32(c) because this brief contains 2,276 words, including footnotes and excluding parts of the brief exempted by Fed. R. App. P. 32(f). This brief also does not exceed 30 pages.

2. This brief complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) as modified by Circuit Rule 32(b), and Fed. R. App. P. 32(a)(6), because this brief has been prepared in a proportionally spaced typeface in 14-point Century Schoolbook font using Microsoft Office Word 365.

*/s/ Terry Tolliver*

Terry Tolliver, #22556-49
BRATTAIN MINNIX TOLLIVER
1 Indiana Square, Suite 1530
Indianapolis, IN 46204
(317) 231-1750
(317) 231-1760 fax
Terry@BMTIndy.com
Counsel for Defendant-Appellant
David Capers

**CERTIFICATE OF SERVICE**

I, Terry Tolliver, an attorney, certify that on the 12th day of May 2026, I electronically filed the foregoing ***Brief and Required Short Appendix of Defendant-Appellant David Capers*** (Resubmitted) with the Clerk of this Court using the CM/ECF System, which will send a notification of electronic filing to all counsel of record who are registered CM/ECF users.

*/s/ Terry Tolliver*

Terry Tolliver, #22556-49
BRATTAIN MINNIX TOLLIVER
1 Indiana Square, Suite 1530
Indianapolis, IN 46204
(317) 231-1750
(317) 231-1760 fax
Terry@BMTIndy.com
Counsel for Defendant-Appellant
David Capers

# SHORT APPENDIX

Circuit Rule 30(d) Statement

Pursuant to Circuit Rule 30(d), counsel certifies that all material required by Circuit Rules 30(a) and (b) are included in the appendix.

Dated: May 12, 2026

*/s/ Terry Tolliver*
Terry Tolliver, #22556-49
BRATTAIN MINNIX TOLLIVER
1 Indiana Square, Suite 1530
Indianapolis, IN 46204
(317) 231-1750
(317) 231-1760 fax
Terry@BMTIndy.com
Counsel for Defendant-Appellant
David Capers

## TABLE OF CONTENTS OF SHORT APPENDIX

Page

Judgment in a Criminal Case [Trial Court, Dkt. No. 434]............SA001

Final Judgement on Motion to Vacate, Set Aside, or Correct Sentence Pursuant to U.S.C. § 2255 [Dkt. No. 36]...................................SA007

## APPENDIX CERTIFICATION

Undersigned counsel hereby certifies that this Appendix includes all material required by Circuit Rule 30(a) and (b).

*/s/ Terry Tolliver*
Terry Tolliver

AO 245B(Rev. 02/16) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

Southern District of Indiana

UNITED STATES OF AMERICA

v.

DAVID CAPERS

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 3:17CR00022-001
USM Number: 52476-424

Samuel E. Adam Jr.
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count 1

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) & 846 | Conspiracy to Possess with Intent to Distribute and to Distribute 1 Kilogram or More of Heroin | May 25, 2017 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

September 16, 2019
Date of Imposition of Sentence:

A CERTIFIED TRUE COPY
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana
By Tricia M. Blanford
Deputy Clerk

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

9/16/2019
Date

DEFENDANT: David Capers
CASE NUMBER: 3:17CR00022-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **200 months.**

☒The Court makes the following recommendations to the Bureau of Prisons: Be designated to a facility near Chicago, specifically Greenville, IL. Be evaluated for the 500-hour substance abuse treatment program.

☒The defendant is remanded to the custody of the United States Marshal.

☐The defendant shall surrender to the United States Marshal for this district:

☐ at

☐ as notified by the United States Marshal.

☐The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant was delivered on ____________________________ to ________________________________________ at _________________________________, with a certified copy of this judgment.

__________________________________________
UNITED STATES MARSHAL

BY: ____________________________________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: David Capers
CASE NUMBER: 3:17CR00022-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the conditions listed below.

## CONDITIONS OF SUPERVISION

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

DEFENDANT: David Capers
CASE NUMBER: 3:17CR00022-001

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

12. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

13. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

14. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

15. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

16. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

I understand that I and/or the probation officer may petition the Court to modify these conditions, and the final decision to modify these terms lies with the Court. If I believe these conditions are being enforced unreasonably, I may petition the Court for relief or clarification; however, I must comply with the directions of my probation officer unless or until the Court directs otherwise. Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the condition of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

| | |
|---|---|
| Defendant | Date |
| U.S. Probation Officer/Designated Witness | Date |

DEFENDANT: David Capers
CASE NUMBER: 3:17CR00022-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| | Assessment | JVTA Assessment[1] | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $100.00 | | | |

☐ The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss[2] | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| **Totals** | | | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

[1] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

[2] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: David Capers
CASE NUMBER: 3:17CR00022-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ ______ due immediately, balance due
☐ not later than ______, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ F or ☐ G below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ ______ over a period of ______ *(e.g., months or years)*, to commence ______ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal ______ *(e.g., weekly, monthly, quarterly)* installments of $ ______ over a period of ______ *(e.g., months or years)*, to commence _______ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ______ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ If this case involves other defendants, each may be held jointly and severally liable for payment of all or part of the restitution ordered herein and the Court may order such payment in the future. The victims' recovery is limited to the amount of loss, and the defendant's liability for restitution ceases if and when the victims receive full restitution.

G ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s): ______

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: any property which constitutes or is derived from proceeds traceable to the offense.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| DAVID CAPERS, Petitioner, | ) | |
| v. | ) | No. 3:21-cv-00080-RLY-CSW |
| UNITED STATES OF AMERICA, Respondent. | ) | |

**FINAL JUDGMENT**

Petitioner David Capers's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **granted**, as follows:

1. The judgment in 3:17-cr-00022-RLY-CSW-1 is **vacated**.

2. The September 16, 2019, judgment **shall be re-issued** in 3:17-cr-00022-RLY-CSW-1 with the date of this final judgment.

3. The Clerk is directed to **enter a Notice of Appeal** on behalf of Mr. Capers in 3:17-cr-00022-RLY-CSW-1.

Date: 2/20/2026

Kristine L. Seufert, Clerk of Court

By: Tina M. Doyle
Deputy Clerk

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email